1  Mark F. Anderson (SBN 44787)
   Kemnitzer, Anderson, Barron, Ogilvie & Brewer LLP
2  445 Bush Street, 6th Floor
   San Francisco, CA 94108
3  Ph: (415) 861-2265
   Fax: (415) 861-3151                          E-filing
4  mark@kaboblaw.com
5
   Attorneys for Plaintiff Viet Quoc Tran
6
7
8                   UNITED STATES DISTRICT COURT
9                  NORTHERN DISTRICT OF CALIFORNIA                   **EDL**
10
11 VIET QUOC TRAN,                        )    Case No.
                                          )
12           Plaintiff,                    )              **09 18**
                                          )    CV 09
13                                         )    COMPLAINT
             v.                            )
14                                         )    (Fair Credit Reporting Act
15 EXPERIAN INFORMATION SOLUTIONS, INC.; ) 15 USC § 1681 *et seq*., Fair Debt
   RICKENBACKER GROUP, INC., a California  )    Collection Practices Act, 15 USC§ 1692
16 corporation dba Rickenbacker Collection Services, ) et seq., and related state law claims.)
                                          )
17           Defendants.                   )    DEMAND FOR JURY TRIAL
                                          )
18 _____)
19                         **Jurisdiction and Venue**
20     1.    This action is brought pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq*.

21 (FCRA). The court has jurisdiction pursuant to 15 USC §1681p. Plaintiff lives in this district and certain

22 of the events complained of occurred here. Plaintiff brings claims against the defendant credit
23
24 reporting agency Experian Information Solutions, Inc. ("Experian") and defendant Rickenbacker

25 Group, Inc. dba Rickenbacker Collection Services ("Rickenbacker") based on violations of the Fair

26 Credit Reporting Act. Plaintiff brings a claim pursuant to the Fair Debt Collection Practices Act, 15

27 USC § 1692 *et seq*., against defendant Rickenbacker Group, Inc.

28

**Description of the Case**

2.  In or about August or September 2007, Silva Brothers Towing towed a 1996 Ford Windstar, California license 3POH797 owned by a person named Viet Tran, who is not the same person as the plaintiff. Mr Viet Tran, owner of the Ford Windstar, never paid the tow and storage bill that resulted from the tow.

3.  In or about September 2007, Silva Brothers Towing assigned the debt for the towing and storage to defendant Rickenbacker, a debt collector, that specializes in collecting debts for towing and storage.

4.  On October 13, 2007, defendant Rickenbacker obtained plaintiff's credit report maintained by defendant Experian even though plaintiff had nothing to do with the Windstar or its towing and storage.

5.  Beginning in March 2008 and to date, defendant Rickenbacker reported a debt of $1,725 for the towing and storage to Experian.

6.  Plaintiff first learned that the past due debt was being reported by defendant Experian in on or about January 27, 2009, when plaintiff and his wife applied to a mortgage broker to refinance a loan on their residence located in Dublin, CA.

7.  The past due Rickenbacker debt lowered plaintiff's credit score to the point he and his wife could not refinance at a reasonable interest rate.

8.  On or about January 27, 2009, plaintiff disputed the debt in a telephone call to defendant Rickenbacker. The Rickenbacker representative gave plaintiff information on the towed vehicle; plaintiff explained he had never owned it. The representative also gave plaintiff a San Jose address at which Rickenbacker claimed plaintiff was living; plaintiff explained he had never lived at that address.

9.  On or about January 27, 2009, plaintiff disputed the inaccurate past due debt information online with defendant Experian. On January 30, 2009, Experian sent plaintiff a credit report refusing to

1 delete the account and with no change in the reporting of the account except to say the debt was

2 "verified and updated on Jan. 2009."

3      10.    On January 28, 2009, plaintiff sent Experian a letter certified mail, return receipt

4 requested, stating the Rickenbacker past due debt was not his, but instead appeared to belong to

5
6 another individual with the name Viet Tran, who lived at an address where plaintiff had never lived.

7      11.    On February 19, 2009, Experian reported on its results of its investigation again refusing

8 to delete the account.

9      12.    On February 5 and 26, 2009, plaintiff sent detailed letters to defendant Rickenbacker

10 with enclosures proving he was not the person who owed the debt for towing and storage of the Ford

11 Windstar.

12
13      13.    Defendant Rickenbacker is a collection agency that specializes in collecting unpaid tow

14 bills. Had Rickenbacker properly investigated the identity of the owner of the Windstar, it never would

15 have accessed plaintiff's credit report or made the report of the past due account.

16      14.    Even though plaintiff proved to Rickenbacker that he never owned the Windstar,

17 Rickenbacker continued to pursue collection against plaintiff.

18      15.    Defendant Rickenbacker is one of Experian's subscribers. As such, it has access to

19 Experian's credit files (which include virtually the entire U.S. population) and has the ability to report

20 alleged debts on individuals, which debts appear on Experian credit reports.

21
22      16.    The inaccurate report on plaintiff's Experian credit record is scheduled to remain on

23 plaintiff's credit report until May 2014. The effect of the report drastically lowered plaintiff's credit

24 score and to make it difficult or impossible for him to get credit at all or at a reasonable interest rate.

25      17.    Since plaintiff never applied for credit to Rickenbacker's predecessor, Silva Brothers

26 Towing, Rickenbacker had no right to access plaintiff's credit or to report an adverse account to

27 Experian.

28

18.     As required by the FCRA, Experian was required to conduct a reasonable investigation as to whether the account should be on plaintiff's credit files. As part of the investigation, Experian contacted Rickenbacker about the dispute.

19.     Experian reported back to plaintiff that the account was to remain on plaintiff's files.

20.     Experian failed to conduct a reasonable reinvestigation of the Rickenbacker report after plaintiff disputed the debt.

21.     Rickenbacker failed to fulfill its obligations under 15 USC § 1681s-2(b) to conduct a reasonable investigation of the dispute after it was notified by Experian that plaintiff disputed the account.

**The Parties**

22.     Plaintiff Viet Quoc Tran ("plaintiff") is a consumer as defined by 15 USC §1681a(c), and a resident of Dublin, California.

23.     Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio corporation with its principal place of business in Costa Mesa, California. Experian is a "consumer reporting agency" as defined by the FCRA, 15 USC § 1681a(f).

24.     Defendant Rickenbacker is a debt collector and furnisher of information to Experian.

**First Claim: Experian's Violations of the Fair Credit Reporting Act, 15 USC § 1681i**

25.     Plaintiff incorporates by reference paragraphs 1 through 24.

26.     The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consume notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i(a)(1)(A). The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information

*Tran v Experian, et al.*, ND Cal. case no.
Complaint and Jury Demand                                                                      4

1   in dispute and requires the credit reporting agency to "include all relevant information regarding the

2   dispute that the agency received from the consumer." 15 USC § 1681i(a)(2)(A). In conducting its

3   reinvestigation of disputed information in a consumer report, the credit reporting agency is required to

4   "review and consider all relevant information submitted by the consumer."

5

6       27.     Within the two years preceding the filing of this complaint, plaintiff notified defendant

7   Experian of inaccuracies contained in its report on plaintiff and has asked it to reinvestigate and correct

8   the inaccuracy.

9       28.     Experian failed to conduct a proper reinvestigation of the items of information that

10  plaintiff has disputed.

11      29.     Experian failed to provide timely and complete notification to the furnisher of the

12  disputed information.

13
14      30.     Experian failed to forward copies of documentation provided by plaintiff to the

15  furnisher.

16      31.     Experian failed to review and consider all relevant information submitted by plaintiff.

17      32.     Experian violated the provisions of 15 USC § 1681i in the respects alleged above and in

18  other ways presently unknown to plaintiff. These violations by defendants were negligent and willful.

19      33.     As a result of the above-described violations of § 1681i, plaintiff has been damaged.

20  Plaintiff continues to suffer actual damages and plaintiff will suffer more damages in the future.

21
22      34.     Plaintiff requests punitive damages pursuant to 15 USC § 1681n(a)(2) against Experian.

23      35.     Plaintiff requests costs of the action together with reasonable attorney fees as determined

24  by the court in accordance with 15 USC §§ 1681n(a) and 1681o(a).

25  **Second Claim: Violations by Rickenbacker of the Fair Credit Reporting Act, 15 USC § 1681s-2(b)**
26
27      36.     Plaintiff incorporates by reference paragraphs 1 through 24.

28      37.     The FCRA requires a furnisher, after receiving notice from a credit reporting agency

1 such as Experian that a consumer disputes information that is being reported by that furnisher, to
2 conduct an investigation with respect to the disputed information, to review all relevant information, to
3 report the results of the investigation to the credit reporting agency, and, if the investigation reveals
4 that the information is incomplete or inaccurate, to report those results to all other credit reporting
5
6 agencies to which the furnisher has provided the inaccurate information.

7 38. Within the last two years, the defendant Rickenbacker has furnished inaccurate
8 information about plaintiff to Experian.

9 39. Within the past two years, plaintiff has notified the Rickenbacker that she disputes the
10 inaccurate information reported by it.

11 40. On information and belief, Experian has notified Rickenbacker that plaintiff has disputed
12 the information it has furnished concerning plaintiff.
13

14 41. On information and belief, the Experian has provided Rickenbacker with the relevant
15 information plaintiff provided to Experian, as required by 15 USC § 1681i(a)(2).

16 42. Rickenbacker negligently and willfully violated 15 USC § 1681s-2(b) by failing to
17 conduct an appropriate investigation, by failing to review all relevant information, by failing to report
18 the results to Experian and by failing to modify, delete or permanently block the reporting of the
19 inaccurate information about plaintiff.
20

21 43. As a result of the above-described violations of § 1681s-2(b), plaintiff has been
22 damaged. Plaintiff continues to suffer actual damages and plaintiff will suffer more damages in the
23 future.

24 44. Plaintiff requests punitive damages pursuant to 15 USC § 1681n(a)(2).

25 45. Plaintiff requests costs of the action together with reasonable attorney fees as determined
26 by the court in accordance with 15 USC §§ 1681n(a) and 1681o(a).
27 //
28

**Third Claim: Violations by Rickenbacker of the Fair Credit Reporting Act—Impermissible Access**

46. Plaintiff incorporates by reference paragraphs 1 through 24.

47. Defendant Rickenbacker accessed plaintiff's credit reports maintained by Experian in the process of attempting to collect the tow bill account.

48. Defendant Rickenbacker violated the FCRA in doing so because plaintiff had never applied for credit to it or its assignor tow company.

**49.** Plaintiff is due actual or statutory damages based on this violation of the FCRA ban on impermissible access.

**Fourth Claim: Violations by Rickenbacker of the Fair Debt Collection Act, 15 USC § 1692 *et seq*.**

50. Plaintiff incorporates by reference paragraphs 1 through 24.

51. Rickenbacker is in the business of collecting debts in this state using the mail and telephone. Its principal business is the collection of debts in this state. Rickenbacker regularly attempts to collect debts alleged to be due to another.

52. Rickenbacker is a debt collector as defined by the Fair Debt Collection Act, 15 USC § 1692a(6).

53. On numerous dates, plaintiff notified Rickenbacker orally and in writing that the towing and storage account did not belong to him. However, Rickenbacker thereafter failed to cease and desist from its collection activities.

54. Defendant Rickenbacker violated 15 USC § 1692e by using false, deceptive or misleading representations or means in connection with the collection of the alleged debt.

55. The acts alleged above caused plaintiff damages, including emotional distress.

56. As a result of the above violations of the FDCPA, the defendant debt collector is liable to plaintiff for actual damages, statutory damages, and costs and attorneys fees.

1

**PRAYER**

2   WHEREFORE, plaintiff prays for judgment as follows:

3   On the First, Second and Third claims, for violations of the Fair Credit Reporting Act:

4   1.   Actual damages;

5   2.   Statutory damages;

6   3.   Punitive damages;

7   4.   Costs of the action together with reasonable attorneys fees as determined by the court.

8   On the Fourth Claim against Rickenbacker for violations of the Fair Debt Collection Practices

9   Act:

10  1.   A declaratory judgment that said defendant's conduct violated the FDCPA;

11  2.   Actual damages;

12  3.   Statutory damages pursuant to 15 USC § 1692k;

13  4.   Costs and reasonable attorney's fees pursuant to 15 USC § 1692k;

14  5.   Such other relief as the Court may deem proper.

15

16  Dated: March 2, 2009          KEMNITZER, ANDERSON, BARRON,
17                                 OGILVIE & BREWER LLP

18

19  By /s/

20                                 Mark F. Anderson
                                   Attorney for Plaintiff Viet Quoc Tran

21  **DEMAND FOR JURY TRIAL**

22  Plaintiff demands a trial by jury on all issues.

23
24  Dated: March 2, 2009.         KEMNITZER, ANDERSON, BARRON,
                                   OGILVIE & BREWER LLP
25

26

27  By /s/
                                   Mark F. Anderson
28                                 Attorney for Plaintiff Viet Quoc Tran